UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. WOODWARD,

    Plaintiff,

v.

Case No. 12-11930

Hon. John Corbett O'Meara

UNITED STATES OF AMERICA and
STATE OF MICHIGAN,

    Defendants.

_____/

**ORDER GRANTING APPLICATION TO PROCEED**
***IN FORMA PAUPERIS*** **AND DISMISSING COMPLAINT**

Plaintiff Thomas A. Woodward, appearing pro se, filed his complaint on April 30, 2012. Plaintiff also filed an application to proceed *in forma pauperis*. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Supreme Court has defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his complaint, Plaintiff challenges the constitutionality of various federal and Michigan statutes. Although he makes some reference to a family court matter pending in

Macomb County, Plaintiff alleges no facts in his complaint suggesting that he has standing to challenge these statutes or is otherwise entitled to relief. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, Plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

Here, Plaintiff has not pleaded sufficient facts to state a claim upon which relief may be granted. Plaintiff's complaint lacks an arguable basis in fact or law and is frivolous.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: June 15, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 15, 2012, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager